**UNITED STATES of America, Plaintiff,**

v.

**James R. WILLIAMS, et al., Defendants.**

**No. 3:96CV7004.**

United States District Court, N.D. Ohio, Western Division.

Oct. 14, 1998.

Ralph J. Lewis, Office Of The U.S. Attorney, Toledo, OH, for United States of America, plaintiff.

Thomas M. Balyeat, J. Jeffrey Lowenstein, Cline, Cook & Weisenburger, Toledo, OH, for James R Williams, defendant.

Thomas M. Balyeat, J. Jeffrey Lowenstein, Cline, Cook & Weisenburger, Toledo, OH, Stephen T. Pennington, Toledo, OH, for Kay Ruth Shown–Williams, defendant.

Carol Bruggeman, Office Of The Prosecuting Attorney, Toledo, OH, for Lucas County Treasurer, defendant.

Gregory S. Severance, Office Of The Attorney General, Revenue Recovery Sec-

tion, Columbus, OH, Stephen Edward De-Frank, Jr., Office Of The Attorney General, Revenue Recovery Section, Columbus, OH, for Ohio Bureau of Workers' Compensation, State of, defendant.

Karen Novak, Toledo, OH, for Pauline Webb, defendant.

Karen Novak, Toledo, OH, pro se.

Al Albright, UAW–GM Legal Services, Toledo, OH, for Chester Jenkins, Denise Jenkins, defendants.

Gregory S. Severance, Office Of The Attorney General, Revenue Recovery Section, Columbus, OH, for Ohio, State of, Department of Taxation, defendant.

Alexandria Vaneck, Law Offices Of Alexandria Vaneck, Toledo, OH, for The Andersons, defendant.

Carol Bruggeman, Office Of The Prosecuting Attorney, Toledo, OH, for Lucas County Treasurer, cross-claimant.

### MEMORANDUM AND ORDER

JOHN W. POTTER, Senior District Judge.

This action is before the Court on defendants James R. Williams' and Kay Ruth Shown–Williams' motion to set aside marshal sale of property located at 2010 North Reynolds Road, Toledo, Ohio,[1] the government's opposition, and defendants' reply. For the following reasons, defendants' motion will be denied.

By order dated April 3, 1998, this Court found that federal tax liens had attached to defendant James R. Williams' interest in certain real property. On May 27, 1998, the Court ordered that the property be sold in accordance with 28 U.S.C. §§ 2001 and 2002 and ordered that "[n]otice of the sales shall be published once a week for at least four consecutive weeks before the sales in at least one newspaper regularly issued and of general circulation in Lucas County, and at the discretion of the Marshal or his representative, by any other notice that he or his representative deems appropriate." On August 18, 1998, the subject property was sold to a third party pursuant to a United States Marshal sale. Defendants argue that the sale should be set aside because their due process rights guaranteed by the United States Constitution were violated in that they were not personally notified of the time and date of the sale so that they could protect their interest in the property.[2]

"An elementary and fundamental requirement of due process in any proceeding which is to be accorded finality is notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Mullane v. Central Hanover Bank & Trust Co.,* 339 U.S. 306, 314, 70 S.Ct. 652, 94 L.Ed. 865 (1950). "The reasonableness and hence the constitutional validity of any chosen method may be defended on the ground that it is in itself reasonably certain to inform those affected...." *Id.* at 315, 70 S.Ct. 652.

In the case sub judice, defendants do not contend that they did not receive personal notice of plaintiff's motion for summary judgment requesting an order of foreclosure against the property at issue in order to enforce its federal tax liens; nor do defendants contend that they did not receive personal notice of plaintiff's motion for order of sale. Although defendants did not oppose these motions, they clearly had the opportunity to do so. In addition, defendants do not contend that they did not receive a copy of this Court's Order of

---

1. Although two parcels of land were sold pursuant to this Court's order of sale, defendants move to set aside only the sale of property located at 2010 North Reynolds Road.

2. Although defendants also contend that Ohio law requires that an interested party in the sale of real estate by a sheriff's sale must be notified of the time and date of the sale, they fail to cite any Ohio statute in support of this contention. Rather, they rely solely on case law applying federal constitutional principles.

Sale. In that order, defendants were notified of the terms and conditions of sale, including the fact that notice of the sale would be published once a week for four consecutive weeks in a newspaper of general circulation in Lucas County. Defendants did not object to the notice provision.

There is no question that the United States Marshal complied with the publication notice requirement in the Court's May 27 order and in 28 U.S.C. § 2002.[3] Although defendants did not receive personal notice of the time and date of the sale, they were informed, without objection, as to the manner in which such information would be published. Thus, notice by publication did not simply rely on chance to reach the attention of defendants. *See Mullane*, 339 U.S. at 315, 70 S.Ct. 652. The Court finds under the facts of this case that defendants received constitutionally sufficient notice of proceedings regarding property in which they have an interest.

The Court also finds that the cases cited by defendants are distinguishable on their facts. In *Mennonite Bd. of Missions v. Adams*, 462 U.S. 791, 103 S.Ct. 2706, 77 L.Ed.2d 180 (1983), a mortgagee challenged a state statutory procedure which allowed the public sale of real property for delinquent property taxes after posting notice in the county courthouse, publishing notice once a week for three weeks, and providing written notice by certified mail to the owner of the property. Written notice to the mortgagee was not required by statute and was not given before the property was sold. The Supreme Court, applying the principles set forth in *Mullane*, held that due process required that the mortgagee receive mailed notice of the tax sale. However, unlike defendants in the case sub judice, the mortgagee did not have actual knowledge of the pendency of any proceeding affecting his interest in the property until after the sale had already occurred. Thus, the Court does not find *Mennonite Bd of Missions* controlling.

In *Central Trust Co., N.A. v. Spencer,* 41 Ohio App.3d 237, 535 N.E.2d 347 (1987), also cited by defendants, the court applied *Mennonite Bd. of Missions* and found that a lien holder was entitled to personal notice in order to protect his interests in certain real properties. Although the lien holder had intervened in a foreclosure action in order to protect his interest in the property, the action was stayed due to the debtor filing a bankruptcy petition. Thereafter, the bankruptcy petition was dismissed; the foreclosure action was reinstated; and the property was sold, all without personal notice to the lien holder. Thus, unlike defendants in the case sub judice, the lien holder had no actual knowledge of proceedings that might affect his property interest.

THEREFORE, for the foregoing reasons, good cause appearing, it is

ORDERED that defendants' motion to set aside marshal sale be, and hereby is, DENIED.

---

3. Section 2002 provides in relevant part:

A public sale of realty or interest therein under any order, judgment or decree of any court of the United States shall not be made without notice published once a week for at least four weeks prior to the sale in at least one newspaper regularly issued and of general circulation in the county, state, or judicial district of the United States wherein the realty is situated.