[This opinion has been published in *Ohio Official Reports* at 85 Ohio St.3d 353.]

GALT ALLOYS, INC. ET AL., APPELLANTS, *v.* KEYBANK NATIONAL ASSOCIATION, F.K.A. SOCIETY NATIONAL BANK, SUCCESSOR BY MERGER WITH AMERITRUST COMPANY NATIONAL ASSOCIATION, APPELLEE.

[Cite as *Galt Alloys, Inc. v. KeyBank Natl. Assn.*, 1999-Ohio-383.]

*Execution against property—Foreclosure proceedings—Due process requirements for persons whose property interests are jeopardized by the filing of legal proceedings—Notice by publication only is insufficient to satisfy due process, when—Party to foreclosure proceeding served with process in compliance with the Civil Rules need not be given additional specific notice of the date, time, and place of the sheriff's sale, when.*

1. Due process requires that persons whose property interests are jeopardized by the filing of legal proceedings be given notice reasonably calculated, under all the circumstances, to apprise those persons of the pendency of the action and afford them an opportunity to present their objections. (*Mullane v. Cent. Hanover Bank & Trust Co.* [1950], 339 U.S. 306, 70 S.Ct. 652, 94 L.Ed. 865, followed.)

2. Due process requires that notice of foreclosure proceedings be given to all persons whose interests are jeopardized by those proceedings, and notice by publication only is insufficient to satisfy due process when the address of that party or interested person is known or easily ascertainable. (*Cent. Trust Co., N.A. v. Jensen* [1993], 67 Ohio St.3d 140, 616 N.E.2d 873, followed.)

3. Where a party to a foreclosure proceeding has been served with process in compliance with the Civil Rules and has thereby been provided an opportunity to answer and appear to protect his or her interests in connection with a foreclosure sale, but has neither answered nor appeared, due process does not require that the party be given additional specific notice of the date, time, and

place of the sheriff's sale.

(Nos. 98-437 and 98-499—Submitted January 12, 1999—Decided April 28, 1999.)

CERTIFIED by and APPEAL from the Court of Appeals for Stark County, No. 1997CA00264.

———————————

{¶ 1} Appellants, Galt Alloys, Inc. and Dewalt Properties Inc., initiated this foreclosure action on July 15, 1996, by filing a complaint in the Court of Common Pleas of Stark County, alleging that they held judgment liens covering property located at 4641 12th Street, N.W., in the city of Canton, Ohio. They alleged that the liens resulted from certificates of judgment they had filed documenting judgments in the amounts of $43,000 and $8,000 obtained by them, respectively, against the owner of the property.

{¶ 2} Plaintiffs-appellants named as defendants the property owner and Ameritrust Company National Association (succeeded in interest by appellee KeyBank National Association, hereinafter referred to as "KeyBank"). Appellants alleged that KeyBank might "have, or claim to have, some interest in, or lien upon, the Realty" and attached to the complaint a preliminary judicial report in compliance with Loc.R. 24 of the Stark County Court of Common Pleas. That report reflected a recorded mortgage deed from the owner of the property to KeyBank, dated May 12, 1987, securing an original loan amount of $40,800. Appellants also named as defendants the Stark County Treasurer and two other lenders, GE Capital Consumer Card Company and Household Finance Corporation (which had filed certificates of judgment predating those filed by appellants). Appellants sought an order that would (1) foreclose their judgment liens, (2) require the defendants to set up their respective claims, (3) marshal all liens, and (4) order sale of the property, with the proceeds applied to satisfy all liens according to their lien priority.

{¶ 3} KeyBank was served a copy of the complaint by certified mail on July 17, 1996. KeyBank did not, however, answer the complaint.

**{¶ 4}** The county treasurer's answer claimed a first lien and demanded first payment from the proceeds of any sale of the property.

**{¶ 5}** On August 28, 1996, the trial court ordered appellants to complete service of process and/or file an appropriate motion for default judgment, together with a proposed decree of foreclosure, by September 13, 1996, upon pain of dismissal for want of prosecution. The clerk of courts mailed a copy of this order to KeyBank on August 29, 1996.

**{¶ 6}** Thereafter, appellants filed a motion for default judgment against the property owner and GE Capital Consumer Card Co. Appellants did not seek a default judgment against KeyBank, nor was KeyBank mentioned in appellants' motion.

**{¶ 7}** On September 12, 1996, Household Finance sought leave to file an answer and cross-claim *instanter*, which was granted.

**{¶ 8}** Also, on September 12, the court issued an assignment notice, advising that the action had been "set for a non-jury trial on September 30, 1996, at 8:30 a.m. on a standby basis for the entire week" and giving notice that "the court will expect the remaining parties to work out the lien order and provide the court with an appropriate decree of foreclosure prior to the assigned trial date." KeyBank received a copy of this notice by certified mail on September 17, 1996.

**{¶ 9}** On September 30, 1996, the court entered judgment of foreclosure, which, *inter alia*, directed the sheriff to sell the property. The judgment decree established that KeyBank had "failed to file a responsive pleading or motion in this cause, but may have a valid and subsisting lien * * * by virtue of a certain Mortgage Deed." It further ordered that proceeds of the sale be used to pay the judgment lienholders "subject to the interest, *if any*, of [KeyBank], which interest, *if any*, shall be established by [KeyBank] by a preponderance of evidence within fourteen (14) days after the date of the Sheriff's sale of the premises." (Emphasis added in part.) The clerk of court notified all parties, including KeyBank, that "an entry which may

be a final appealable order has been filed with the clerk of the common pleas court on 9/30/96."

{¶ 10} Thereafter the county sheriff proceeded to sell the property in accordance with statute. The property was appraised at $75,000. The pending sale of the property was advertised in The [Canton] Repository for five consecutive Thursdays. The sheriff sold the property on February 3, 1997 for $69,000.

{¶ 11} On February 7, 1997, appellants' counsel filed a certificate of service which represented that, on February 5, "all parties or their attorneys of record" had been served a copy of a proposed order of confirmation and distribution confirming the foreclosure sale.

{¶ 12} On February 12, 1997, the court entered an order of confirmation and distribution in accord with the proposed order served by appellants' counsel. The order stated, *inter alia*, that KeyBank had "failed to file a responsive pleading or motion in this cause, and, pursuant to this Court's Judgment Decree in Foreclosure entered on September 30, 1996 has fourteen days within which to establish by a preponderance of the evidence the amount, if any, owed [KeyBank] by the Defendant [property owner]." The court further found that KeyBank had "failed to prove its entitlement to any of the proceeds by a preponderance of the evidence" and ordered that KeyBank receive none of the proceeds of the foreclosure sale.

{¶ 13} On February 27, 1997, the court amended its distribution order, *nunc pro tunc* as of February 12, increasing the amount to be distributed to the county treasurer from $542 to $641. Appellants' counsel served a copy of the amended order "on all parties or their attorneys of record."

{¶ 14} On March 7, 1997, a second amended order of distribution was filed, *nunc pro tunc* as of February 12, to provide for distributions to the clerk of courts for court costs, and to the county treasurer for transfer taxes.

{¶ 15} Four months later, on July 7, 1997, KeyBank appeared in the trial court for the first time. It filed a motion to vacate the order of confirmation filed February

12, the amended order of confirmation and distribution filed February 27, and the sheriff's sale held on February 5. KeyBank attached to its motion an affidavit of a bank officer, asserting that, to the best of his knowledge, KeyBank had never been served with prior notice that the property was scheduled to be sold on February 5, and that KeyBank did not know that the sheriff's sale had been scheduled for February 5 until after the sale had taken place. KeyBank, relying on our holding in *Cent. Trust Co., N.A. v. Jensen* (1993), 67 Ohio St.3d 140, 616 N.E.2d 873, asserted that it had been denied due process and that the trial court's orders should therefore be vacated, "by virtue of the fact that [KeyBank] never received actual notice of the Sheriff's sale." The trial court denied KeyBank's motion.

{¶ 16} The court of appeals reversed the judgment of the trial court. It remanded the cause and ordered vacation of the final order of confirmation and distribution, as amended, and vacation of the sale of the property. It further certified that its judgment conflicted with judgments from the Tenth and Eleventh Appellate Districts.

{¶ 17} This cause is now before this court upon determination that a conflict exists and pursuant to the allowance of a discretionary appeal.

_____

*Brouse & McDowell, Jeffrey T. Heintz* and *Christopher F. Swing,* for appellants.

*Carlisle, McNellie & Rini, Richard L. McNellie* and *Phyllis A. Ulrich*, for appellee.

_____

**MOYER, C.J.**

{¶ 18} The court of appeals has framed the issue in conflict as being "[whether] actual notice of the date, time, and location of a sheriff's sale [must] be afforded to a defaulting defendant in a foreclosure action." Similarly, KeyBank proffers as its proposition of law that "[a]ctual notice of the date, time, and location of

a sheriff's sale must be afforded to every party to a foreclosure sale and to each party having an interest therein, including a defaulting defendant in a foreclosure action."

{¶ 19} In determining the issue certified to us, we turn to the landmark case of *Mullane v. Cent. Hanover Bank & Trust Co.* (1950), 339 U.S. 306, 70 S.Ct. 652, 94 L.Ed. 865. *Mullane* recognized that "[a]n elementary and fundamental requirement of due process in any proceeding which is to be accorded finality is notice reasonably calculated, under all the circumstances, to apprise interested parties *of the pendency of the action* and afford them an opportunity to present their objections." (Emphasis added.) *Mullane,* 339 U.S. at 314, 70 S.Ct. at 657, 94 L.Ed. at 873.

{¶ 20} In a subsequent United States Supreme Court case, *Mennonite Bd. of Missions v. Adams* (1983), 462 U.S. 791, 103 S.Ct. 2706, 77 L.Ed.2d 180, the court addressed the question of the adequacy of notice to a mortgagee of the impending tax sale of property. The court there again held that notice of "*a proceeding * * * adversely affect[ing] the * * * property interests of any party*" is constitutionally required to be attempted. (Emphasis added.) *Mennonite* at 798-800, 103 S.Ct. at 2711-2712, 77 L.Ed.2d at 187-188.

{¶ 21} Notably, in *Mennonite*, the mortgagee had not been joined as a party to the tax sale proceedings, and, in fact, knew nothing of the institution of those proceedings until over two years had passed from the date of the sale. When its opinion is carefully read, it is apparent that the court in *Mennonite* imposed a notice requirement as to the pendency of a potential tax sale and not necessarily to the date, time, and place of the tax sale itself.

{¶ 22} We therefore hold, in accord with *Mullane* and *Mennonite*, that due process requires that persons whose property interests are jeopardized by the filing of legal proceedings be given notice reasonably calculated, under all the circumstances, to apprise those persons of the pendency of the action and afford them an opportunity to present their objections.

{¶ 23} In *Weigner v. City of New York* (C.A.2, 1988), 852 F.2d 646, the owner of property against whom tax foreclosure proceedings had been instituted claimed that she had been denied due process because she had never been informed of entry of a judgment of foreclosure or of the imminent lapse of her remedies of mandatory and discretionary release.

{¶ 24} The court concluded, in accord with *Mullane*, that due process required notice only of the pendency of the action so as to afford the property owner an opportunity to respond. The court held that the city was obligated to provide notice that was reasonably calculated to inform interested parties that the foreclosure action had been initiated and to apprise them of the availability of the redemption and release remedies. However, "[o]nce the City sent this notice, it was not required to send additional notices as each step in the foreclosure proceeding was completed or when each of the available remedies was about to lapse." *Id*. at 652.

{¶ 25} Similarly, in *United States v. Williams* (N.D.Ohio 1998), 82 A.F.T.R.2d (RIA) 6970, the federal district court refused to set aside a marshal sale of real property that had been ordered pursuant to foreclosure of federal tax liens. The defendants, the former owners, claimed that they had been denied due process because they had not been provided notice of the date and time of the sale of the property. They had, however, received personal notice of the filing of a motion for summary judgment requesting an order of foreclosure, as well as personal notice of the government's motion for order of sale. The court noted that the defendants clearly had had an opportunity to oppose these motions. In addition, the defendants had received a copy of the court's order of sale, containing notice of the fact that the property would be advertised for sale for four weeks in a local newspaper. The defendants had thus been afforded due process.

{¶ 26} In the case at bar, KeyBank had ample opportunity to participate and be heard in order to protect its interests, as had the parties in *Weigner* and *Williams*. Upon being named a defendant and properly served with process, KeyBank failed to

answer the complaint in a timely manner, or otherwise appear. Despite the receipt of notices, by direct mail, of the progress of the foreclosure action, KeyBank took no action to protect its own interests until months after title to the property had vested in a new owner, who acquired title by virtue of the sheriff's sale.

**{¶ 27}** In ordering that the sheriff's sale in the case at bar be vacated, the court of appeals relied on *Cent. Trust Co., N.A. v. Jensen* (1993), 67 Ohio St.3d 140, 616 N.E.2d 873. We follow *Jensen* and hold that due process requires that notice of foreclosure proceedings be given to all persons whose interests are jeopardized by those proceedings, and notice by publication only is insufficient to satisfy due process when the address of that party or interested person is known or easily ascertainable.

**{¶ 28}** The case before us is, however, distinguishable from *Jensen.* In that case, Jerry Maxwell, a successful bidder at a sheriff's sale, placed ten percent of the purchase price, or $19,200, with the sheriff as a deposit, but failed to produce the remaining purchase price within the allotted time. The property was ordered resold. The subsequent sheriff's sale was advertised by publication, but Maxwell did not personally receive notice of the date, time, or place of the sale. Unlike KeyBank, Maxwell had never been served with process or joined as a party to the underlying foreclosure action.

**{¶ 29}** We held that Maxwell's property interest was created by his deposit of a $19,200 down payment. We recognized that his property interest triggered a due process requirement that he be provided constitutionally adequate notice of the later sale because his property interest stood in jeopardy were the property to be sold at a lower price than Maxwell had originally agreed to pay. Under the facts of that case, we held that notice by publication was insufficient.

**{¶ 30}** In this case, unlike in *Jensen*, KeyBank does not assert that, had it known of the date, time, and place of the sheriff's sale, it would have appeared or taken steps to assure that the property was sold at a higher price than was in fact obtained. Indeed, KeyBank had little economic incentive to do so, as its mortgage

lien had priority over the judicial liens held by appellants and other judgment creditors. KeyBank's interest could have been fully satisfied from the proceeds of the sale had KeyBank merely appeared and claimed its interest in the time granted it by the court.

{¶ 31} In the case at bar, it was not the sale, but the foreclosure action itself, and more specifically, the potential that the court might enter an order of distribution omitting KeyBank's interest, that jeopardized KeyBank's interest. KeyBank received full and repeated notice of the proceedings and had ample opportunity to appear and be heard in opposition to such an order, and yet it did not appear.

{¶ 32} It is true that the trial court in this case set forth a deadline of fourteen days from the date of the sheriff's sale for KeyBank to appear and establish the amount of its interest. It is also true that, prior to the expiration of the fourteen-day period, the court ordered that KeyBank receive none of the proceeds of the sale. Despite these facts, we reject the argument that KeyBank was prejudiced by not having first received specific notice of the time, date, and place of the sheriff's sale.

{¶ 33} The court acknowledged in its February 12 entry that KeyBank "*has* fourteen days within which to establish * * * the amount, if any*" of its interest. (Emphasis added.) Moreover, the record demonstrates that the trial court subsequently entered two *nunc pro tunc* orders, on February 27 and March 7, adjusting the distribution amounts.

{¶ 34} In view of the use of the present tense in the judgment decree and the court's entry of two *nunc pro tunc* orders adjusting the distribution amounts, it is reasonable to assume that, had KeyBank appeared within the fourteen-day period and asserted its interest, the court would have considered that interest. KeyBank has not asserted that it did not receive actual notice of the sale of the property prior to expiration of the fourteen-day period ordered by the court. KeyBank, however, remained silent. Under the facts of this case, we find no prejudice to KeyBank.

{¶ 35} We therefore reject KeyBank's proposition of law insofar as it implies that actual notice to every party of the date, time, and location of a sheriff's sale is, in

every foreclosure case, a constitutionally required element of due process, and resolve the certified issue with a qualified negative. Actual notice of the date, time, and location of a sheriff's sale need not necessarily be given to every defaulting defendant in a foreclosure sale. Instead, we hold that where a party to a foreclosure proceeding has been served with process in compliance with the Civil Rules and has thereby been provided an opportunity to answer and appear to protect his or her interests in connection with a foreclosure sale, but has neither answered nor appeared, due process does not require that the party be given additional specific notice of the date, time, and place of the sheriff's sale.

{¶ 36} We find no deprivation of due process in this case. For the foregoing reasons, the judgment of the court of appeals is reversed, and the judgment of the trial court is reinstated.

*Judgment reversed.*

DOUGLAS, J.D. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.

F.E. SWEENEY, J., dissents and would affirm the judgment of the court of appeals.

JAMES D. SWEENEY, J., of the Eighth Appellate District, sitting for RESNICK, J.

——————————