DECISION AND JUDGMENT ENTRY
This is an appeal from a Hocking County Common Pleas Court order directing Bill Green, plaintiff below and appellant herein, to pay all costs associated with the levy and execution of a judgment against Cheryl Derr, defendant below and appellee herein. The following "error" is assigned for our review:[2]
 "THE TRIAL COURT'S GRANTING OF AN EX PARTE JUDGMENT FOR COSTS AGAINST THE PLAINTIFF/APPELLANT WITHOUT AFFORDING DUE PROCESS OF LAW INCLUDING (A) ADEQUATE NOTICE OF THE DEFENDANT'S MOTION TO ASSESS COSTS, (B) AN OPPORTUNITY TO RESPOND TO DEFENDANT'S MOTION OR (C) AN OPPORTUNITY TO BE HEARD, PRESENT EVIDENCE OR ARGUMENTS OF LAW DURING A HEARING VIOLATED ARTICLE 1, SECTION 16 OF THE OHIO CONSTITUTION AND THE FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION."
The record reveals the following facts pertinent to this appeal. On April 27, 1999, appellant was awarded a judgment in the Fairfield County Municipal Court against appellee in the amount of $1,910 plus court costs. A certificate of judgment was subsequently issued thereon and appellant commenced the action below on June 29, 1999, seeking to levy execution on three (3) automobiles owned by appellee and kept at her residence in Logan, Ohio. The Hocking County Sheriff served the necessary papers and appellee responded by requesting an "exemption hearing." That hearing was apparently held sometime in July of 1999 but no transcript of those proceedings is included in the record and we have no way of knowing what transpired there. What is known is that on August 9, 1999, appellant filed a "release of execution" on two (2) of the three (3) automobiles he previously sought to levy.
Subsequently, appellee filed a motion with the trial court to "assess costs" (including towing and storage charges) against appellant. She alleged in her motion that appellant commenced the proceeding "knowing full well" that the "vehicles would be exempt" and suggesting that such action had been malicious in nature. The trial court signed a proposed entry and filed it the following day ordering appellant to pay all such costs of the action. This appeal followed.[3]
Appellant argues in his assignment of error that the lower court violated his due process rights by granting appellee's motion and ordering him to pay costs without affording him the opportunity to respond to the motion. We agree. Due process requires that a litigant be given notice and an opportunity to be heard before an order is entered against them. See generallyCleveland Bd. of Edn. v. Loudermill (1985), 470 U.S. 532, 542,84 L.Ed.2d 494, 503, 105 S.Ct. 1487, 1493; also see Galt Alloys,Inc. v. KeyBank Natl. Assn. (1999), 85 Ohio St.3d 353, 357,708 N.E.2d 701, 704; State v. Hochhausler (1996), 76 Ohio St.3d 455,459, 668 N.E.2d 457, 463; Ohio Assn. of Pub. School Emp., AFSCME,AFL-CIO v. Lakewood City School Dist. Ed. of Edn. (1994), 68 Ohio St.3d 175,176, 624 N.E.2d 1043, 1045.
The gist of appellee's motion was that costs should be assessed against appellant as a punitive measure for bringing what was alleged to essentially be a frivolous levy of execution on his judgment. The trial court apparently accepted this argument. Although we pass no judgment on the merits of that decision, we do believe that fundamental fairness required that appellant be given an opportunity to respond to the motion.
Thus, appellant's assignment of error is well taken and sustained. Accordingly, we reverse the trial court's judgment and remand this matter for further proceedings consistent with this opinion.[4]
 JUDGMENT REVERSED AND CAUSE REMANDED FOR FURTHERPROCEEDINGS.
 JUDGMENT ENTRY
It is ordered that the judgment be reversed and cause remanded for further proceedings. It is further ordered that appellant recover of appellee costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Hocking County Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute that mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
Harsha, J. Kline, P.J.: Concur in Judgment Opinion
For the Court
 BY: __________________________ JUDGE PETER B. ABELE
[2] Appellant's brief does not contain any assignments of errorper se, as required by App.R. 16, and therefore we have taken this from the heading of his argument.
[3] We are assuming for purposes of our review that the judgment being appealed herein is final and appealable pursuant to R.C. 2505.02. The initial "request for execution" set forth three (3) vehicles to be levied but the later "release of execution" mentions only two (2) of them. We will proceed with our analysis on the basis that the third vehicle (a 1983 Mazda Pickup) either no longer existed or was seized pursuant to the levy and that the action is not still pending with respect to that property.
[4] Appellant is also correct, in the abstract, that ex parte communications are not particularly favored in the law. See e.g.Glassman v. Offenberg (Dec. 7, 1995), Cuyahoga App. No. 67334, unreported; Metzger v. Thurman (Jul. 27, 1993), Scioto App. No. 92CA2106, unreported. However, we do not believe that this is what occurred in the cause sub judice. An ex parte proceeding is one which is usually done without notice to the opposing side.See State v. Cox (1913), 87 Ohio St. 313, 333, 101 N.E. 135, 138;also see Dutton v. Dutton (1998), 127 Ohio App.3d 348, 352,713 N.E.2d 14, 17. The motion to "assess costs" filed by appellee below clearly contains a certificate of service which would indicate to us that notice was at least intended to be given and that the request was not meant to be ex parte. It would appear that the trial court simply ruled on the motion prematurely without affording appellant an appropriate opportunity to respond.
 NOTICE TO COUNSEL
Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.