{¶ 1} For the reasons that follow, I respectfully dissent from the majority opinion, which concludes that appellant was properly served with the notice of the uncontested divorce hearing.
 {¶ 2} Ance the notice of the uncontested divorce hearing was returned to the court indicating there was "No Mail Receptacle," the trial court was on notice that appellant was never served with the notice of hearing. No other attempt was made to serve appellant and the uncontested divorce hearing proceeded as scheduled.
 {¶ 3} As the majority correctly notes, it is a longstanding principle that, "`it is the duty of a party, once he has been made a party to an action, to keep himself advised of the progress of the case and of the dates of the hearings, including the date of trial.'"[9] However, we must keep in mind that notice should be "reasonably calculated" to apprise the party of the pending action.[10] When service is attempted and returned to the court indicating "No Mail Receptacle," service has not been made and, under the auspices of Civ.R. 75(L), a hearing upon the merits cannot proceed. Therefore, appellant was not properly served with the notice of the uncontested divorce hearing. The court abused its discretion by proceeding with a hearing upon the merits until an attempt at service reasonably calculated to inform appellant of the hearing was made.
 {¶ 4} Therefore, service was not properly made on appellant and, for this reason, I respectfully dissent.
[9] State Farm Mut. Auto Ins. Co. v. Peller (1989), 63 Ohio App.3d 357,361, quoting Metcalf v. Ohio State Univ. Hosp. (1981), 2 Ohio App.3d 166,167.
[10] Galt Alloys, Inc. v. KeyBank Natl. Assn. (1999), 85 Ohio St.3d 353, paragraph one of the syllabus.