OPINION
{¶ 1} Kirby Denson appeals from the trial court's judgment entry sustaining a post-confirmation motion to vacate a sheriff's sale of real estate. In his sole assignment of error, Denson contends the trial court's ruling violates R.C. § 2329.27, which provides that a court order confirming a sheriff's sale "bars the filing of any further motions to set aside the sale of the lands and tenements."
 {¶ 2} The present appeal stems from an in rem tax foreclosure action filed by the Clark County Treasurer against Rodney and Phyllis Lanum and others. Appellee Altegra Credit Company filed an answer and cross-claim, asserting a mortgage lien on the Lanum's property. The trial court subsequently filed a judgment entry and decree of foreclosure. Thereafter, appellant Denson purchased the property at a sheriff's sale with a bid of $52,520. On July 30, 2002, the trial court filed an order confirming the sheriff's sale. Altegra did not receive a copy of the confirmation order until September 23, 2002. One week later, Altegra moved to vacate the sale on the basis that it did not receive notice of the date, time, and place of the sale as required by Ohio law. After holding a hearing on the matter, the trial court sustained Altegra's motion and vacated the sheriff's sale on November 4, 2002. Denson then filed a timely notice of appeal, advancing the assignment of error set forth above.
 {¶ 3} In his appellate brief, Denson does not dispute that Altegra, a mortgage holder who had appeared in the action, was entitled to written notice of the date, time, and place of the sheriff's sale.Central Trust Co. v. Jensen, 67 Ohio St.3d 140, 1993-Ohio-232; In reForeclosure of Liens for Delinquent Taxes (1992), 79 Ohio App.3d 766. Nor does Denson dispute that the Clark County Treasurer failed to notify Altegra of the date, time, and place of the sheriff's sale as R.C. §2329.26(A)(1)(a) obligated it to do. Denson also recognizes that a mortgagee's failure to receive such notice constitutes a denial of due process and ordinarily is grounds for vacating the sheriff's sale. In reForeclosure of Liens for Delinquent Taxes (1992), 79 Ohio App.3d 766. Nevertheless, Denson insists that the trial court's order of confirmation gave the sheriff's sale finality and precluded the trial court from sustaining Altegra's post-confirmation motion to vacate.
 {¶ 4} In support of his argument, Denson relies on R.C. §2329.27. Division (B)(1) of the statute provides, with one significant exception, that a sheriff's sale of real estate may be set aside if notice of the time, date, and place of the sale is not provided to a mortgagee as required by R.C. § 2329.26(A)(1)(a). The notable exception is found in division (B)(3) of R.C. § 2329.27. Division (B)(3) states that an order confirming a sale of real estate is deemed to constitute a judicial finding that "all parties entitled to notice under division (A)(1)(a) of section 2329.26 received adequate notice of the date, time, and place of the sale of the land and tenements," and the order of confirmation "bars the filing of any further motions to set aside the sale of the lands and tenements." In light of R.C. §2329.27(B), Denson reasons that a motion to vacate a sheriff's sale must be filed prior to confirmation. Given that Altegra filed its motion after confirmation, Denson argues that the trial court erred in sustaining the motion.
 {¶ 5} In response, Altegra downplays the significance of R.C. § 2329.27(B), stressing that a mortgagee's failure to receive written notice of the date, time, and place of a sheriff's sale constitutes a denial of due process. Therefore, regardless of R.C. § 2329.27(B), which purports to bar post-confirmation motions to vacate a sheriff's sale, Altegra insists that the trial court properly vacated the sheriff's sale on constitutional grounds. Altegra also stresses that it did not receive notice of the sheriff's sale until after confirmation.
 {¶ 6} Upon review, we find Altegra's argument to be persuasive. InIn re Foreclosure of Liens (1992), 79 Ohio App.3d 766, 769, this court recognized that a mortgagee "has a legally protected property interest and is entitled, under the Due Process Clause of the Fourteenth Amendment, to actual notice reasonably calculated, under all of the circumstances, to apprise him of a pending tax sale and to afford him the opportunity to take appropriate action to protect his interests." We also rejected the argument that due process is satisfied when a mortgagee receives written notice of the pendency of foreclosure proceedings. Id. at 769. Instead, we held that a mortgagee has a due process right to written notice of the date, time, and place of a foreclosure sale, and "notice that the sale of the property would take place some time in the future is not equivalent to notice of the time and place of sale." Id. at 769-770. Likewise, in Central Trust Co. v. Jensen, 67 Ohio St.3d 140,143, 1993-Ohio-232, the Ohio Supreme Court recognized that "notice at least by mail is a constitutional prerequisite to a proceeding that adversely affects a property interest where the interest holder's address is known or easily ascertainable." In that case, an individual with an interest in the property received notice of the pendency of the foreclosure proceeding, but did not receive notice of the date, time, and place of a scheduled sheriff's sale. Id. at 144. The Ohio Supreme Court held that this lack of notice constituted a violation of due process. Id.
 {¶ 7} In the present case, the uncontroverted evidence establishes that Altegra failed to receive notice of the date, time, and place of the sheriff's sale. In fact, Altegra did not learn of the sale until shortly after the trial court filed its order of confirmation. See Affidavits attached to Doc. #21. In light of these facts, the sheriff's sale and subsequent confirmation order plainly violated Altegra's due process rights as a mortgagee.
 {¶ 8} The crucial issue on appeal is whether, despite this due process violation, the Ohio legislature, through R.C. § 2329.27(B), may preclude a party from filing a post-confirmation motion to vacate a sheriff's sale for lack of notice. In addressing this issue, we first recognize that the legislature amended R.C. § 2329.26 and R.C. §2329.27, effective September 29, 1999, in response to this court's decision in In re Foreclosure of Liens and the Ohio Supreme Court's decision in Central Trust Co. v. Jensen, both of which have been discussed above. The intent of the amendment was "to require that a written notice of the date, time, and place of an execution sale of real * * * property be given to certain parties to the underlying action." See 1999 S.B. 30, eff. 9-29-1999. Through this amendment, the legislature recognized that mere publication notice does not satisfy due process when applied to individuals who have an interest in the property to be sold. As noted above, the amendment obligates a judgment creditor to serve interested parties with written notice of the date, time, and place of a sheriff's sale. It also provides that a sale shall be set aside when the requisite notice is not given, subject to the limitation that confirmation bars the filing of a motion to set aside the sale. See R.C.2329.27(B).
 {¶ 9} In our view, however, the legislature's post-confirmation bar to the filing of a motion to set aside a sheriff's sale cannot standwhen the basis for the motion is a lack of notice in violation of dueprocess. In reaching this conclusion, we first note that another statute, R.C. § 2325.03, appears to authorize the post-confirmation setting aside of a sheriff's sale on the basis of a mortgagee's failure to receive proper notice. In relevant part, § 2325.03 provides:
 {¶ 10} "The title to property, which title is the subject of a final judgment or order sought to be vacated, modified, or set aside by any type of proceeding or attack and which title has, by, in consequence of, or in reliance upon the final judgment or order, passed to a purchaser in good faith, shall not be affected by the proceeding or attack[.] * * * `Purchaser in good faith,' as used in this section, includes a purchaser at a duly confirmed sheriff's sale.
 {¶ 11} "This section does not apply if in the proceeding resulting in the judgment or order sought to be vacated, modified, or set aside, the person then holding the title in question was not lawfully served with process or notice, as required by law or Civil Rules applicable to the proceeding."
 {¶ 12} Following the confirmation of a sheriff's sale, the purchaser has a vested interest in the property. Ohio Sav. Bank v.Ambrose (1990), 56 Ohio St.3d 53, 55. This is so because the title to property legally passes upon confirmation of the sale. Women's FederalSav. Bank v. Pappadakes (1988), 38 Ohio St.3d 143, 145. As a result, R.C. § 2325.03 provides that title held by a purchaser at a confirmed sheriff's sale ordinarily cannot be affected by a motion to vacate the sale. Under the plain language of § 2325.03, this rule does not apply, however, if in the proceeding resulting in the judgment or order sought to be vacated, the person then holding title was not lawfully served with notice as required by law. In the present case, "the person then holding title" during the foreclosure proceeding was Altegra, which held a valid mortgage on the property. Given that Altegra was not served with notice of the date, time, and place of the sheriff's sale as required by law, the so-called "bona fide purchaser" rule of R.C. §2325.03 does not apply.
 {¶ 13} The clear implication of § 2325.03 is that a title held by a sheriff's sale purchaser may be affected by a motion to vacate the sale, when a party with an interest in the property did not receive adequate notice. Such a result is entirely consistent with our decision in In re Foreclosure of Liens (1992), 79 Ohio App.3d 766, which also involved a post-confirmation motion to vacate a sheriff's sale. See also Curry Durham, Ohio Real Property Law and Practice, Vol. 2 (5th ed.), § 19-16 at 189 (recognizing that "[e]ven after a sheriff's sale and confirmation upon a proper showing, a sale may be set aside"). Insofar as R.C. § 2329.27(B) provides otherwise, we conclude that its prohibition against the filing of a post-confirmation motion to vacate a sheriff's sale must give way to the due process rights of a mortgagee who has appeared in the foreclosure action and who files a post-confirmation motion to vacate alleging a lack of notice of the sale.[1]
Consequently, the trial court did not err in sustaining Altegra's motion to vacate the sheriff's sale.
 {¶ 14} In opposition to the foregoing conclusion, Denson citesGault Alloys, Inc. v. Key Bank Nat'l Ass'n, 85 Ohio St.3d 353,1999-Ohio-383. As Altegra properly notes, however, Gault Alloys is readily distinguishable. Therein, the Ohio Supreme Court held that the trial court properly denied a post-confirmation motion to vacate a sheriff's sale when the movant had failed to appear in the action despite being served with process. The legal basis for the Ohio Supreme Court's ruing, however, was not that confirmation barred the filing of a motion to vacate. Instead, the Gault Alloys court found that, in light of its failure to answer and appear, the movant had no due process right to notice of the date, time, and place of the sheriff's sale. Id. at 358-360. Unlike the movant in Gault Alloys, Altegra did file an answer and appear in the present action. As a result, it did have a due process right to notice of the date, time, and place of the sheriff's sale. Therefore, Gault Alloys does not support Denson's position, and it is not contrary to our analysis herein.
 {¶ 15} Although we find no error in the trial court's decision to vacate the sheriff's sale in this case, we pause to address a related issue that has not been briefed by the parties. During an October 22, 2002, hearing, Denson testified that he and his sons made substantial improvements to the property at issue before Altegra filed its motion to vacate. In particular, Denson stated that they invested well over 1,000 hours of their time and paid $3,281.33 in out-of-pocket expenses to make needed repairs. He also testified, based on his experience in the construction industry, that $30 per hour is a reasonable rate for the work he and his sons performed. Based on that figure, Denson has estimated that their labor and out-of-pocket expenses have a value of $38,411.33. Although we express no opinion on the value of the work Denson and his sons performed,[2] we note that he may be entitled to compensation, upon resale of the property, to the extent that the work increases the sale price of the real estate. Although Altegra has a legal right to demand a resale of the property, it should not benefit from the labor of Denson and his sons. As a result, Denson may have an equitable right to a portion of the sheriff's sale proceeds. In order to determine the value of the work performed by Denson and his sons, the trial court may wish to consider a reappraisal of the property before another sheriff's sale is conducted. We also note the possibility that Densonmay have a cause of action against the Clark County Treasurer, if he fails to obtain full compensation from the proceeds of the sheriff's sale, based on the Treasurer's failure to provide Altegra with notice of the sale as required by law.[3]
 {¶ 16} For the reasons set forth above, we hereby overrule Denson's assignment of error and affirm the judgment of the Clark County Court of Common Pleas.
 {¶ 17} Judgment affirmed.
FAIN, P.J., and WOLFF, J., concur.
[1] Following the 1999 amendment of R.C. § 2329.27(B) to ban post-confirmation motions to set aside a sheriff's sale, we have found no case law addressing the ban's applicability when a mortgagee files a post-confirmation motion alleging a due process violation. Under similar circumstances, however, the Kansas Supreme Court has held that where a lack of personal notice to ascertainable property owners resulted in a tax foreclosure sale in violation of their due process rights, a state statute providing that all actions to vacate the sale had to be commenced within twelve months of confirmation was inapplicable. See Chapin v.Aylward (1970), 464 P.2d 177, 182, 204 Kan. 448, 455 ("Notwithstanding the purpose and legislative intent of [the statute] to bring about finality and stability to tax titles unless attacked within the twelve-month period, we hold that the provision in question must give way to a situation where the facts clearly establish a denial of due process of law.").
[2] We do not resolve this issue because the parties have not briefed it and the trial court made no finding as to the value of the work performed.
[3] Given that the parties have not raised these issues, we do not actually decide (1) whether Denson is entitled to compensation from the proceeds of the sheriff's sale, (2) how the amount of such compensation should be determined, or (3) whether Denson may maintain an action against the Clark County Treasurer. For present purposes, we merely note that Denson may have potential remedies to recover the value of the work he and his sons performed.