# Order

**Michigan Supreme Court**
**Lansing, Michigan**

July 29, 2011

142324

Robert P. Young, Jr.,
Chief Justice

Michael F. Cavanagh
Marilyn Kelly
Stephen J. Markman
Diane M. Hathaway
Mary Beth Kelly
Brian K. Zahra,
Justices

LEE M. KHAN, a/k/a LEE M. KAHAN,
      Plaintiff-Appellee,

v

CITY OF FLINT,
      Defendant-Appellant.

SC: 142324
COA: 293991
Genesee CC: 08-089357-CZ

_____/

On order of the Court, the application for leave to appeal the December 7, 2010 judgment of the Court of Appeals is considered and, pursuant to MCR 7.302(H)(1), in lieu of granting leave to appeal, we REVERSE that part of the Court of Appeals judgment addressing plaintiff's federal constitutional claim. The Genesee Circuit Court correctly granted summary disposition of this claim, and we agree with that court's reasons for doing so, as stated on the record. Plaintiff's complaint makes no mention of 42 USC 1983, which is the exclusive remedy for alleged federal constitutional violations, including those pertaining to the deprivation of due process under the Fourteenth Amendment, *Monell v New York City Dep't of Social Serv*, 436 US 658, 663 (1978), nor does it allege that the injury here was caused by the city's "policy or custom." *Oklahoma City v Tuttle*, 471 US 808, 823-824 (1985). Further, plaintiff's complaint makes no mention of the federal and state "takings" clauses. Finally, plaintiff has admitted (possibly in error) that he had actual notice of the demolition, yet has undertaken no steps to set aside this admission. Therefore, we REMAND this case to the Genesee Circuit Court for reinstatement of the order granting summary disposition to the defendant.

MARILYN KELLY, J. (*dissenting*).

I would deny leave to appeal. I believe the Court of Appeals was correct that a jury question exists in this case concerning whether plaintiff's constitutional rights were infringed.

Plaintiff was entitled to due process of law before the city demolished his property. The city was required to give him notice of the planned demolition "'reasonably calculated, under all the circumstances, to apprise [him] of the pendency of

the action and afford [him] an opportunity to present [his] objections.'"[1]  Thus the two due process requirements that the city had to meet were (1) notice and (2) an opportunity to be heard.  The city has acknowledged that it never gave plaintiff notice, and in fact it disciplined the employee whose responsibility it was to give him notice for neglect of her duty.

A legal fiction has allowed the city to claim that plaintiff received the notice he never had.  It arose from plaintiff's failure to answer a request for admissions.  The request asserted that plaintiff had timely notice of the demolition.  In accordance with the court rules, the court deemed the notice admitted.

The city contends that plaintiff had actual notice.[2]  "Actual notice" is defined as "[n]otice given directly to, or received personally by a party."[3]  What occurred in this case was at best constructive notice.[4]  It did not meet the requirements of due process.  I can find no caselaw, and the city identifies none, that treated constructive notice as adequate to establish actual notice and avoid the need for the opportunity for a hearing.[5]

---

[1] *Dusenbery v United States*, 534 US 161, 168 (2002), quoting *Mullane v Central Hanover Bank & Trust Co*, 339 US 306, 314 (1950).

[2] The "[f]undamental requirements of due process are satisfied if a party received actual notice."  *Gillie v Genesee Co Treasurer*, 277 Mich App 333, 356 n 12 (2007); *United States v Boudreau*, 564 F3d 431, 438 (CA 6, 2009).

[3] Black's Law Dictionary (8th ed), p 1090.

[4] "Constructive notice" is defined as "notice presumed by law to have been acquired by a person and thus imputed to that person."  *Id*.

[5] The city cites several inapposite cases.  But in each, the party had authentic actual notice.  As a consequence, none of them sheds light on the type of notice that exists in this case.  The cases are: *Gillie*, 277 Mich App at 354-356 (The defendant continued to send tax bills to a home owned by the plaintiff, although the plaintiff had asked the defendant to use his new out-of-state mailing address.  The house ended up in foreclosure and the defendant posted a foreclosure notice on the home.  The court made no finding about whether this constituted adequate notice.  It simply stated the requirements for due process and that, if actual notice is found, that is sufficient for due process.); *Boudreau*, 564 F3d at 438 (The defendant was served notice in open court.  Despite his assertion that this was not in compliance with the applicable statute, the court found that he had actual notice.); *West Covina v Perkins*, 525 US 234, 241 (1999) (The property owner actually knew his property had been seized, thus this was actual notice.); *Whiting v United States*, 231 F3d 70, 74 (CA 1, 2000) (Forfeiture proceedings had been discussed in the owner's presence, thus this was actual notice.); *United States v Williams*, 41 F Supp 2d 745, 747 (ND Ohio, 1998) (This case dealt only with the statutory notice requirements for federal tax liens.).

Because plaintiff was not given notice and he had no actual notice, he was never given a hearing. He was never even informed how to request a hearing.[6] If for no other reason than that the city failed to satisfy the hearing requirement of due process, it was inappropriate for the court to dispose of this case through summary disposition.

The majority believes that the case was properly dismissed because plaintiff failed to cite 42 USC 1983 in his complaint or to allege that the injury had been caused by the city's "policy or custom." But neither of these was required.[7] Moreover, plaintiff's decision not to seek to have the admissions set aside is not grounds for refusing appellate relief. Plaintiff did not admit, even constructively, that he was provided the opportunity for a hearing.

At page 3 of the complaint, plaintiff alleged a Fifth Amendment constitutional violation. He recited the language of the amendment and asserted that defendant had "wrongfully and intentionally deprived [him] of his property without notice or a hearing." Our court rules require that a complaint set forth "allegations necessary reasonably to inform the adverse party of the nature of the claims the adverse party is called on to defend[.]"[8] While MCR requires that certain claims be pleaded with particularity, a § 1983 claim is not among them. And Michigan has no rule that requires a plaintiff to cite a specific statutory provision in order to state a claim.[9]

While I acknowledge that plaintiff's complaint in this case was not drafted in the most masterful fashion, it contained the minimum required information. Obviously the city was not confused about what it had to defend against. Given that it responded to plaintiff's claim with a motion to dismiss the § 1983 claim, we know that it understood what statute plaintiff relied on. In the event the city had found the complaint to be

---

[6] *Khan v City of Flint*, unpublished opinion per curiam of the Court of Appeals, issued December 7, 2010 (Docket No. 293991), p 3.

[7] MCR 2.111(B) requires only that

[a] complaint . . . contain . . . :

(1) [a] statement of facts . . . on which the pleader relies in stating the cause of action, with the specific allegations necessary reasonably to inform the adverse party of the nature of the claims the adverse party is called on the defend; and

(2) [a] demand for judgment . . . .

[8] MCR 2.111(B)(1).

[9] See *Rymal v Baergen*, 262 Mich App 274, 301 n 6 (2004).

ambiguous or too vague, it could have moved under MCR 2.115(A) for a "more definite statement . . . ."[10]

In addition, it is well established that our courts look beyond mere procedural labels and read the allegations in a complaint as a whole to ascertain the nature of a claim.[11] That plaintiff stated a § 1983 claim is apparent from the fact that both lower courts analyzed it as such.

Moreover, under our court rules, a complaint is not required to assert that the city violated its "policy or custom." The complaint is not designed to narrow the issues.[12] The narrowing is accomplished through "discovery, pretrial conference, and summary judgment, combined with liberal amendments to pleadings, [which] are designed to carry the burden of framing the particular issues to be tried."[13] In this case, there was an outstanding issue of fact as to whether the city violated its policy.[14]

If necessary, the trial court could have allowed plaintiff to amend the complaint. MCR 2.118(A)(2) provides that leave to amend pleadings should be freely given when justice requires it. In fact, it should be denied only for particularized reasons.[15] This Court has justified the denial of amendments for reasons such as undue delay, bad faith, repeated failure to cure deficiencies by amendment, undue prejudice, or where amendment would be futile.[16] Otherwise amendment should be freely allowed.

---

[10] MCR 2.115(A) states: "If a pleading is so vague or ambiguous that it fails to comply with the requirements of these rules, an opposing party may move for a more definite statement before filing a responsive pleading." See also *Iron Co v Sundberg, Carlson & Assoc, Inc*, 222 Mich App 120, 124-125 (1997).

[11] *Tipton v William Beaumont Hosp*, 266 Mich App 27, 33 (2005); see also *MacDonald v Barbarotto*, 161 Mich App 542, 547 (1987); *Smith v Holmes*, 54 Mich 104, 112 (1884).

[12] *Simonson v Mich Life Ins Co*, 37 Mich App 79, 83 (1971); *Goins v Ford Motor Co*, 131 Mich App 185, 195 (1983).

[13] *Simonson*, 37 Mich App at 83; see also *Goins*, 131 Mich App at 195.

[14] The city based its motion for summary disposition in part on its claim that it had not violated its policy about giving notice. In response, plaintiff submitted an affidavit of Councilwoman Jacqueline Poplar, which asserted that the mayor typically violated the city's policy in matters of this sort.

[15] See *Miller v Chapman Contracting,* 477 Mich 102, 105 (2007), citing *Ben P Fyke & Sons v Gunter Co*, 390 Mich 649 (1973); see also MCR 2.118(A).

[16] *Miller*, 477 Mich at 105, citing *Ben P Fyke*, 390 Mich 649.

Summary disposition was inappropriate in this case, and the reasons the majority has given for refusing to reverse it and rejecting the Court of Appeals' decision are inconsistent with the law. For these reasons, I respectfully dissent.

HATHAWAY, J., would grant leave to appeal.



I, Corbin R. Davis, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

July 29, 2011

Clerk

y0726