[Cite as *Washington Mut. Bank v. Gattis*, 2013-Ohio-2219.]

COURT OF APPEALS
FAIRFIELD COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| WASHINGTON MUTUAL BANK FKA | : | JUDGES: |
| WASHINGTON MUTUAL BANK, FA | : | Hon. W. Scott Gwin, P.J. |
| | : | Hon. William B. Hoffman, J. |
| Plaintiff-Appellee | : | Hon. Sheila G. Farmer, J. |
| | : | |
| -vs- | : | |
| | : | |
| DONNELL GATTIS, ET AL. | : | Case No. 12-CA-40 |
| | : | |
| Defendants-Appellants | : | O P I N I O N |

CHARACTER OF PROCEEDING:              Appeal from the Court of Common
                                                                  Pleas, Case No. 2008CV1176

JUDGMENT:                                           Affirmed

DATE OF JUDGMENT:                          May 23, 2013

APPEARANCES:

For Plaintiff-Appellee                            For Defendants-Appellants

ANNE MARIE SFERRA                          JONATHAN C. CLARK
100 South Third Street                           BRIAN J. CALANDRA
Columbus, OH  43215-4291                    P.O. Box 1405
                                                                  130 East Chestnut Street
                                                                  Lancaster, OH  43130

*Farmer, J.*

{¶1}   On September 23, 2008, Washington Mutual Bank fka Washington Mutual Bank, FA filed a complaint in foreclosure against Donnell Gattis, Donnell Gattis, Sr. as Trustee of the Leode Family Living Trust, and others, for failure to pay on a note and mortgage that had been executed in April of 2007.  During the pendency of the case, appellant, Diana Gattis, allegedly replaced Mr. Gattis, Sr. as Trustee of the Leode Family Living Trust as he had passed away on January 9, 2009, and appellee, JPMorgan Chase Bank, NA, was substituted for Washington Mutual.

{¶2}   A default judgment and decree of foreclosure was granted on December 23, 2008 against the defendants including Mr. Gattis, Sr. as Trustee of the Leode Family Living Trust.  Mr. Gattis, Sr. did not file an appeal.

{¶3}   On April 3, 2012, a notice of Sheriff's sale was filed.  The subject property was sold at Sheriff's sale on April 20, 2012.

{¶4}   On May 24, 2012, appellant filed a motion to strike notice of Sheriff's sale and to set aside the sale, claiming service defects in the notice.  By judgment entry filed June 19, 2012, the trial court denied the motion.

{¶5}   Appellant filed an appeal and this matter is now before this court for consideration.  Assignments of error are as follows:

I

{¶6}   "THE TRIAL COURT ABUSED ITS DISCRETION BY DENYING APPELLANT'S MOTION TO STRIKE NOTICE OF SHERIFF'S SALE AND TO SET ASIDE SHERIFF'S APRIL 20, 2012 SALE OF DEFENDANT'S PROPERTY."

II

{¶7}   "THE TRIAL COURT COMMITTED REVERSIBLE ERROR WHEN IT DID NOT HOLD AN EVIDENTIARY HEARING AFTER BEING APPRISED OF APPELLANT'S ASSERTION THAT IT DID NOT RECEIVE NOTICE OF SHERIFF'S SALE."

I, II

{¶8}   Appellant claims the trial court erred in denying her motion to strike the notice of the Sheriff's sale and to set aside the sale, and in failing to conduct an evidentiary hearing on the motion.  We disagree.

{¶9}   Appellant argues she was prejudiced by appellee's failure to meet the requirements of R.C. 2329.26(A)(1)(a) which states the following:

Lands and tenements taken in execution shall not be sold until all of the following occur:

(1)(a) Except as otherwise provided in division (A)(1)(b) of this section, the judgment creditor who seeks the sale of the lands and tenements or the judgment creditor's attorney does both of the following:

(i) Causes a written notice of the date, time, and place of the sale to be served in accordance with divisions (A) and (B) of Civil Rule 5 upon the judgment debtor and upon each other party to the action in which the judgment giving rise to the execution was rendered;

(ii) At least seven calendar days prior to the date of the sale, files with the clerk of the court that rendered the judgment giving rise to the

execution a copy of the written notice described in division (A)(1)(a)(i) of this section with proof of service endorsed on the copy in the form described in division (D) of Civil Rule 5.

{¶10} Appellee argues although the notice of sale contained the required information, it was not required to serve notice pursuant to R.C. 2329.26(A)(1)(b) which states, "[s]ervice of the written notice described in division (A)(1)(a)(i) of this section is not required to be made upon any party who is in default for failure to appear in the action in which the judgment giving rise to the execution was rendered."

{¶11} On May 24, 2010, Attorney Ambrose Moses, III, filed a notice of appearance and a suggestion of death of Mr. Donnell O. Gattis, Sr. as Trustee of the Leode Family Living Trust. The next day, on May 25, 2010, an affidavit of successor trustee Joanna Monell as Trustee of the Leode Family Living Trust was filed, as well as an affidavit of assumption of duties by successor trustee Ms. Monell. On September 3, 2010, Ms. Monell filed a motion for substitution of parties in place of Mr. Gattis, Sr. Ms. Monell and appellant are both represented by Attorney Moses. The docket is devoid of a substitution of appellant for Ms. Monell as trustee. A notice of Sheriff's sale was filed on April 3, 2012 and the certificate of service states "all parties or counsel of record" were served.

{¶12} On May 24, 2012, appellant filed her motion to strike notice of Sheriff's sale and to set aside the sale, stating the following:

4. On March 29, 2012, Plaintiff once again attempted to "serve" Donnell O. Gatis (sic), Sr., Trustee of the Leode Family Living Trust Dated March 30, 2005 by mailing the Notice of Sheriff's Sale to his former residence. Again, as Plaintiff knew or should have known, Donnell O. Gattis, Sr. died on January 9, 2009. Plaintiff has failed to comply with the requirements of R.C. §2329.26, Rule 5 of the Ohio Rules of Civil Procedure, and Rule 11 of the Ohio Rules of Civil Procedure. See Notice of Sheriff's Sale filed in this case on April 3, 2012 (Five days after it was purportedly served on March 29, 2012. Civil Rule 5 requires that it be filed within three days after service upon a party).

5. Plaintiff did not serve the Notice of Sheriff's Sale upon Ambrose Moses, III, Esq. as counsel for the Trustee of the Leode Family Living Trust Dated March 30, 2005. Again, Plaintiff has failed to comply with the requirements of R.C. §2329.26, Rule 5 of the Ohio Rules of Civil Procedure, and Rule 11 of the Ohio Rules of Civil Procedure.

{¶13} Although we acknowledge that a successor trustee, Joanna Monell, made an appearance in the action, we note that the appearance was made after default judgment had been granted against the trustee and the trustee did not appeal the judgment. In *Galt Alloys Inc. v. KeyBank Natl.,* 85 Ohio St.3d 353 (1999), the Supreme Court of Ohio reviewed a similar case wherein default judgment was granted against KeyBank and after the sale had been completed, KeyBank filed a motion to vacate the

sale, claiming it never received actual notice of the Sheriff's sale. The *Galt* court held the following at 360:

> We therefore reject KeyBank's proposition of law insofar as it implies that actual notice to every party of the date, time, and location of a sheriff's sale is, in every foreclosure case, a constitutionally required element of due process, and resolve the certified issue with a qualified negative. Actual notice of the date, time, and location of a sheriff's sale need not necessarily be given to every defaulting defendant in a foreclosure sale. Instead, we hold that where a party to a foreclosure proceeding has been served with process in compliance with the Civil Rules and has thereby been provided an opportunity to answer and appear to protect his or her interests in connection with a foreclosure sale, but has neither answered nor appeared, due process does not require that the party be given additional specific notice of the date, time, and place of the sheriff's sale.

{¶14} Although an argument can be made that in the *Galt* case KeyBank did not make an appearance until *after* the sale and in the case sub judice, the trustee made an appearance *before* the sale, the *Galt* case was decided on April 28, 1999, five months prior to the Ohio Legislature enacting R.C. 2329.26(A)(1)(b) which states, as cited above, "[s]ervice of the written notice described in division (A)(1)(a)(i) of this section is not required to be made upon any party who is in default for failure to appear in the

action in which the judgment giving rise to the execution was rendered." The "action" was the foreclosure proceedings wherein the default judgment and decree of foreclosure giving rise to the execution was filed on December 23, 2008 and a nunc pro tunc judgment and decree in foreclosure was filed on January 20, 2010. The trustee made an appearance on May 24, 2010. Therefore, pursuant to R.C. 2329.26(A)(1)(b), appellee was not required to serve the trustee with notice of the sale.

{¶15} Even assuming arguendo that notice of the sale was required, before the notice for Sheriff's sale went out, appellant never filed a notice of following Ms. Monell as successor trustee. Both Ms. Monell and appellant were represented by Attorney Moses, and appellee's certificate of service on the notice of sale was sent to "all parties or counsel of record." It would have been impossible for appellee to send notice to appellant due to her failure to notify the trial court and/or appellee of the substitution.

{¶16} We note no affidavits or evidentiary quality materials were filed in support of the motion to strike. Attorney Moses did not file an affidavit to support the claim that he did not receive notice of the sale. A motion to strike and set aside the sale is akin to a Civ.R. 60(B) motion seeking relief from judgment. We have consistently held that "a hearing is not required unless there exist issues supported by evidentiary quality affidavits." *Deutsche Bank National Trust Co. v. Davis,* 5th Dist. No. 11CAE60055, 2011-Ohio-5791, ¶ 25; *Cogswell v. Cardio Clinic of Stark County, Inc.,* 5th Dist. No. CA-8553, (October 21, 1991). Evidentiary quality affidavits were not filed in this case.

{¶17} Upon review, we find the trial court did not err in denying appellant's motion to strike the notice of the Sheriff's sale and to set aside the sale, and in not conducting an evidentiary hearing on the motion.

{¶18}  Assignments of Error I and II are denied.

{¶19}  The judgment of the Court of Common Pleas of Fairfield County, Ohio is hereby affirmed.

By Farmer, J.

Gwin, P.J. and

Hoffman, J. concurs separately.

SGF/sg 919

*Hoffman, J., concurring*

{¶20} I concur in the majority decision based upon Appellant's failure to support the motion to set aside the sheriff's sale with any evidentiary quality material. I write separately to note my disagreement with the majority's conclusion as to the application of R.C. 2329.26(A)(1)(b). While I concede the trustee did not appear until after the decree of foreclosure was filed, I find the trustee did appear in the action in which the judgment giving rise to the execution was rendered.

{¶21} The majority limits its interpretation of "action" to the date of the granting of the foreclosure decree. I would not so limit "action", but find it includes all proceedings in the case. Accordingly, I find Appellee was required to serve the trustee with notice of the sale.[1]

---

[1] I do not believe merely reciting notice was sent to "all parties or counsel or record" without specifically indentifying the name(s) and address(es) creates a presumption of service under Civ.R. 5(B).