1946 ST. CLAIR CORPORATION, D.B.A. PORKY'S, HOME OF THE STARS, APPELLANT, *v.* CITY OF CLEVELAND ET AL., APPELLEES.

[Cite as 1946 St. Clair Corp. *v.* Cleveland (1990), 49 Ohio St. 3d 33.]

(No. 88-1731—Submitted November 14, 1989—Decided February 14, 1990.)

*Phillip A. Lawrence & Associates, Phillip A. Lawrence* and *Roy Schwartz,* for appellant.

*Nick Tomino,* director of law, and *Joan M. King,* for appellees.

H. BROWN, J. The issue is whether a Section 1983 claim is available to a plaintiff who alleges no more than deprivation of property without due process of law, when the plaintiff fails to plead or prove that state remedies are inadequate. We find that it is not, and affirm the judgment of the court of appeals.

Section 1983[1] provides a remedy to persons whose federal rights have been violated by governmental officials. *Monroe* v. *Pape* (1961), 365 U.S. 167, overruled on other grounds in *Monell* v. *Dept. of Social Services of City of New York* (1978), 436 U.S. 658. To establish such a claim, two elements are required: (1) the conduct in controversy must be committed by a person acting under color of state law, and (2) the conduct must deprive the plaintiff of rights, privileges or immunities secured by the Constitution or laws of the United States. *Parratt* v. *Taylor* (1981), 451 U.S 527, 535. Appellant's complaint alleges that Dennerll, under color of Cleveland Ordinance 403.04, intentionally deprived appellant of property without due process of law, in violation of the Fourteenth Amendment to the Constitution of the United States.

The Fourteenth Amendment protects only against deprivations "without due process of law." *Baker* v. *McCollan* (1979), 443 U.S. 137, 145. The United States Supreme Court has held that no due process violation occurs when the state provides an adequate post-deprivation remedy for a loss of property caused by the negligence of state officials. *Parratt, supra,* at 535-544.

In *Hudson* v. *Palmer* (1984), 468 U.S. 517, the court extended this analysis to alleged intentional deprivations of property without due process of law. "[A]n unauthorized intentional deprivation of property by a state employee does not constitute a violation of the procedural requirements of

---

[1] The Civil Rights Act of 1871 as amended, Section 1983, Title 42, U.S. Code, provides:

"Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress. * * *"

the Due Process Clause of the Fourteenth Amendment if a meaningful postdeprivation remedy is available. For intentional, as for negligent deprivations of property by state employees, the *state's action is not complete until and unless it provides or refuses to provide a suitable postdeprivation remedy.*" (Emphasis added.) *Id.* at 533. See, also, *Vicory* v. *Walton* (C.A. 6, 1983), 721 F. 2d 1062.

Ohio law provides a remedy to redress the alleged unauthorized intentional torts of state employees. R.C. 2744.03 provides in part:

"(6) * * * [T]he employee [of a political subdivision] is immune from liability unless * * * (a) His acts or omissions were manifestly outside the scope of his employment or official responsibilities; (b) His acts or omissions were with malicious purpose, in bad faith, or in a wanton or reckless manner[.]"

Appellant, relying on *Patsy* v. *Florida* (1982), 457 U.S. 496, and *Felder, supra,* argues that it is not required to exhaust state remedies before bringing a Section 1983 action.[2] See, also, *Loudermill* v. *Cleveland Bd. of Edn.* (C.A. 6, 1983), 721 F. 2d 550. Appellant's reliance is misplaced.

Neither *Patsy* nor *Felder* examined what is necessary to state a procedural due process claim under Section 1983 when alleging *only* deprivation of an economic interest. Such a claim must attack the state remedies as inadequate. Otherwise, "'* * * the state action is not necessarily complete.'" *Parratt, supra,* at 542 (quoting *Bonner* v. *Coughlin* [C.A. 7, 1975], 517 F. 2d 1311, 1319).

In a Section 1983 claim, the distinction between deprivation of a purely economic interest and violation of a substantive right is significant.

We delineated the significance of the distinction in *Cooperman* v. *Univ. Surgical Assoc., Inc.* (1987), 32 Ohio St. 3d 191, 199-202, 513 N.E. 2d 288, 296-299. We said:

"Where the right asserted is a constitutional right, federal courts have accorded different treatment, under Section 1983, to different rights. Where the right deprived under color of state law is a substantive right—for example, the First Amendment guarantee of free speech or the Fourth Amendment prohibition against unreasonable searches—a Section 1983 suit is always available regardless of supplemental state remedies. * * * [Citations omitted.] [*Id.* at 199, 513 N.E. 2d at 297.] Where, however, the claim asserted rests on the deprivation of a property interest alone, the constitutional right invoked is the *procedural* due process right to notice and hearing. *Hudson, supra,* at 530-537; *Parratt, supra,* at 536-545; *Bd. of Regents* v. *Roth* (1972), 408 U.S. 564. The constitutional infringement under

---

[2] Appellant also argues that Dennerll's conduct constitutes state action for the purpose of Section 1983. In its brief, the state conceded the argument. We need not decide whether Dennerll acted under color of state law, due to our ruling that a cause of action under Section 1983 has not been established. Nevertheless, we believe that if construed in a light most favorable to appellant, the facts indicate that Dennerll's conduct did occur under color of state law.

*United States* v. *Classic* (1941), 313 U.S. 299, 326, rehearing denied (1941), 314 U.S. 707; *Cooperman* v. *Univ. Surgical Assoc., Inc.* (1987), 32 Ohio St. 3d 191, 199, 513 N.E. 2d 288, 297 ("* * * [I]ndividual conduct, to be actionable, must be taken pursuant to powers granted by virtue of state law and possible only because the actor is clothed with the authority of state law. * * *"). (Citing *Classic, supra.*)

the Fourteenth Amendment is not, as appellee suggests, the deprivation of a property interest *per se,* but is instead the *manner* by which the property is taken. That is, did the owner have an adequate opportunity to be heard "'at a meaningful time and in a meaningful manner.'" *Parratt, supra,* at 540, quoting *Armstrong* v. *Manzo* (1965), 380 U.S. 545, 552. [Emphasis *sic.*] [*Id.* at 200, 513 N.E. 2d at 297.]"

Property interests are distinguished from life or liberty interests because property interests are founded on the procedural aspects of due process; they are not substantive rights created by the federal Constitution. *Cooperman* at 200, 513 N.E. 2d at 297-298. Property interests "* * * are created and their dimensions are defined by existing rules or understandings that stem from an independent source such as state law — rules or understandings that secure certain benefits and that support claims of entitlement to those benefits." *Roth, supra,* at 577.

When the interest is purely economic, the Constitution demands only that the challenging party be given a meaningful opportunity to be heard. *Parratt, supra,* at 543-544. If the state provides adequate post-deprivation state tort remedies for unauthorized intentional property deprivations, the state has provided all the "process" required under the Fourteenth Amendment. *Hudson, supra,* at 533; *Vicory* v. *Walton, supra,* at 1064-1065; *Buchanan* v. *Sowa* (N.D. Ohio 1984), 592 F. Supp. 1009; *Eaton* v. *Solon* (N.D. Ohio 1984), 598 F. Supp. 1505.

Accordingly, we hold that to assert a claim under Section 1983, Title 42, U.S. Code and the Fourteenth Amendment for deprivation without due process of a purely economic interest, a plaintiff must allege and prove the inadequacy of state remedies.

R.C. 2744.03, on its face, provides remedies to the appellant for its claims. We do not reach the issue of whether R.C. 2744.03 provides adequate process under the Ohio Constitution because appellant has not attacked the statutory remedy.[3] The judgment of the court of appeals is affirmed.

*Judgment affirmed.*

MOYER, C.J., SWEENEY, HOLMES, DOUGLAS, WRIGHT and RESNICK, JJ., concur.

---

[3] There was no claim that the alleged deprivation was the predictable result of established state procedures. In such cases, the state must provide a meaningful opportunity to be heard prior to the taking. *Logan* v. *Zimmerman Brush Co.* (1982), 455 U.S. 422, 435-437; *Wilson* v. *Beebe* (C.A. 6, 1985), 770 F. 2d 578; *Huron Valley Hosp., Inc.* v. *Pontiac* (E.D. Mich. 1988), 686 F. Supp. 608.