OPINION
Plaintiff-appellant Shannon Rowe appeals from the February 16, 2000, Judgment Entry of the Stark County Court of Common Pleas.
 STATEMENT OF THE FACTS AND CASE
On or about August 2, 1997, a motor vehicle driven by appellee Quintin Artis, a police officer employed by appellee City of Alliance, allegedly struck a motorcycle driven by appellant. At the time of the accident, appellee Quintin Artis was driving a motor vehicle owned by appellee City of Alliance. Subsequently, appellant filed a complaint against appellees Quintin Artis and the City of Alliance in the Stark County Court of Common Pleas (Case No. 97CV2966). As memorialized in a Notice of Voluntary Dismissal filed on August 31, 1998, such complaint was dismissed without prejudice pursuant to Civ.R. 41 (A)(1). A refiled complaint was filed by appellant against appellees in the Stark County Court of Common Pleas on August 26, 1999. Appellant, in his complaint, alleged, in part, that appellee City of Alliance was liable to appellant pursuant to the doctrine of respondeat superior and that appellee City of Alliance was negligent in the employment, training and retention of appellee Quintin Artis. An answer was filed by appellees on September 27, 1999. Thereafter, appellees, on November 5, 1999, filed a Motion for Judgment on the Pleadings on the grounds that appellant's complaint was barred by the two year statute of limitations for tort actions. Appellant, on November 16, 1999, filed a motion requesting that appellees' motion be converted to a motion for summary judgment and a motion for time to conduct preliminary discovery so that appellant could present affidavits opposing the summary judgment motion. Pursuant to a pre-trial order filed the same day, the trial court converted appellees' motion to a motion for summary judgment and ordered that discovery "will be limited for the time being to the statute of limitations (Refiling) defense." The trial court further ordered that appellant's brief in opposition to appellees' motion for summary judgment was due by January 10, 2000, and appellees' reply brief was due by January 24, 2000. On January 10, 2000, appellant filed a motion requesting an extension of time until January 24, 2000, within which to complete preliminary discovery and to respond to appellees' Motion for Summary Judgment. As memorialized in an order filed on January 10, 2000, the trial court granted appellant's motion and also granted appellees until February 7, 2000, to file their reply brief. A memorandum in opposition to appellees' motion for summary judgment was filed by appellant on January 24, 2000. Appellant also, on February 3, 2000, filed a motion requesting an order setting either an oral or non-oral hearing on appellees' Motion for Summary Judgment. On February 4, 2000, appellant filed a Motion to File an Amended Complaint. Appellant specifically requested leave to amend his complaint "to make it clear he is alleging a violation of 42 U.S.C. § 1983." Appellees filed a reply brief in support of their Motion for Summary Judgment on February 7, 2000, and the next day, appellees filed a brief in opposition to appellant's Motion to File an Amended Complaint. Thereafter, the trial court, pursuant to a Judgment Entry filed on February 16, 2000, granted appellees' Motion for Summary Judgment, holding that appellant's complaint was barred by the two year statute of limitations contained in R.C.2305.10. The trial court, in the same entry, denied appellant's motion to amend his complaint. It is from the trial court's February 16, 2000, Judgment Entry that appellant now prosecutes his appeal, raising the following assignment of error:
 THE TRIAL COURT ERRED, TO THE PREJUDICE OF THE APPELLANT, WHEN IT GRANTED SUMMARY JUDGMENT DISMISSING HIS COMPLAINT.
 STANDARD OF REVIEW
Summary judgment proceedings present the appellate court with the unique opportunity of reviewing the evidence in the same manner as the trial court. Smiddy v. The Wedding Party, Inc. (1987), 30 Ohio St.3d 35,36. Civ.R. 56(C) states in pertinent part: Summary Judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law . . . A summary judgment shall not be rendered unless it appears from the evidence or stipulation, and only from the evidence or stipulation, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, that party being entitled to have the evidence or stipulation construed most strongly in the party's favor.
Pursuant to the above rule, a trial court may not enter a summary judgment if it appears a material fact is genuinely disputed. The party moving for summary judgment bears the initial burden of informing the trial court of the basis for its motion and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact. The moving party may not make a conclusory assertion that the non-moving party has no evidence to prove its case. The moving party must specifically point to some evidence which demonstrates the non-moving party cannot support its claim. If the moving party satisfies this requirement, the burden shifts to the non-moving party to set forth specific facts demonstrating there is a genuine issue of material fact for trial. Vahila v. Hall (1997), 77 Ohio St.3d 421, 429, citing Dresher v. Burt (1966), 75 Ohio St.3d 280. It is based upon this standard we review appellant's assignment of error. I Appellant, in his sole assignment of error, argues that the trial court erred in granting appellees' Motion for Summary Judgment. We, however, disagree. Appellant, in his brief, initially argues that the trial court committed reversible error when it ruled that the applicable statute of limitations for civil rights actions under 42 U.S.C. § 1983 is two years under R.C. 2305.10. However, we find that appellant's argument lacks merit since appellant, in his August 26, 1999, complaint, failed to set forth a claim for a violation of Constitutional rights under 42 U.S.C. § 1983. In order to establish a Section 1983 claim, two elements are required: "(1) the conduct in controversy must be committed by a person acting under color of state law, and (2) the conduct must deprive the plaintiff of rights, privileges or immunities secured by the Constitution or laws of the United States." 1946 St. Clair Corp. v. Cleveland (1990), 49 Ohio St.3d 33, 34, citing Parratt v. Taylor (1981), 451 U.S. 527, 535, overruled on other grounds. Daniel V. Williams (1986), 474 U.S. 327. While appellant argues that the fourth claim in his August 26, 1999, complaint establishes such a claim, we do not concur. Appellant, in the fourth claim in his complaint, specifically alleges that appellee City of Alliance "was negligent in the employment, training and continued employment of Defendant Artis; . . ." While these allegations arguably meet the first element that is set forth above, there is no allegation in appellant's complaint that appellee Artis's conduct deprived appellant of "rights, privileges or immunities secured by the Constitution or laws of the United States." Appellant cites to Buckner v. Kilgore (6th Cir. 1994), 36 F.3d 536 in support of his argument that his fourth claim alleges a 1983 claim. In Buckner, a police officer overheard police radio broadcasts concerning the pursuit of a motorcycle by police. After the officer heard a motorcycle approaching at what appeared to be a high rate of speed, the officer, with the intention of slowing down or stopping the motorcycle, set up a roadblock by driving his police cruiser across the road on which the motorcycle was traveling. Subsequently, both the driver and the passenger on the motorcycle, who were injured when the motorcycle struck the police cruiser, filed separate Section 1983 suits against the officer and the City of Greenville arguing that the defendants violated their Fourth Amendment right to be free from unreasonable search and seizures. The Sixth Circuit Court of Appeals, in finding that the facts in Buckner could support a 1983 claim, specifically held as follows: "In Brower [v. County of Inyo (1989), 489 U.S. 593], a fleeing car thief was killed when the vehicle he was driving crashed into a roadblock made up of an 18-wheel tractor-trailer positioned across both lanes of a two-lane highway behind a blind curve with police car lights positioned to blind the suspect as he came around the curve. The Supreme Court determined that a Fourth Amendment seizure occurs where the officer intentionally establishes a roadblock to stop a fleeing suspect and the suspect's freedom of movement is in fact terminated by the means intentionally applied by the officer — the roadblock. Therefore, nearly two years before the alleged seizure in this action, the right of a fleeing suspect to be free from unreasonable seizure by "deadman roadblocks" was clearly established under the teachings of Brower."
Id. at 539. We find, however, that Buckner is inapplicable to the case sub judice. Unlike in Buckner, there are no allegations in appellant's complaint that appellee Quintin Artis acted intentionally to seize appellant by establishing a roadblock. Rather, appellant in the case sub judice alleges that appellee Artis deliberately drove his cruiser into an intersection without using a siren or warning lights and Artis, in doing so, failed to yield to appellant's right-of-way. Therefore, even applying Buckner, appellant's complaint does not forth a claim under42 U.S.C. § 1983. For such reason, the two year statute of limitations for bodily injury contained in R.C. 2305.10 is applicable. While appellant does not dispute that his complaint was filed outside of the two year statute of limitations, appellant argues that the trial court erred in sustaining appellees' Motion for Summary Judgment since the time for filing his complaint may have been tolled under R.C. 2305.15. R.C. 2305.15 provides, in relevant part, as follows: "(A) When a cause of action accrues against a person, if he is out of state, has absconded, or conceals himself, the period of limitation for the commencement of the action . . . does not begin to run until he comes into the state or while he is so absconded or concealed." Appellant maintains that since appellant produced a calendar showing that appellee Quintin Artis was absent from work no fewer than 33 days from August 2, 1997, the date of the accident, through the end of December of 1998," a presumption must be imposed in favor of Mr. Rowe [appellant] that Ptl. Artis was so absent, or concealed himself for at least the requisite twenty-four (24) subject day period." However, in order to avail himself of the tolling provisions of R.C. 2305.15, the burden is on appellant to prove that appellee Quintin Artis departed from the state and how long appellee Artis was absent. Wright v. Univ. Hosp. Of Cleveland (1989), 55 Ohio App.3d 227,233. While appellant presented the trial court with a calendar showing that appellee Quintin Artis was absent from work at least thirty-three (33) days from August 2, 1997, through the end of December of 1998, appellant failed to sustain his burden of establishing that appellee Quintin Artis was physically absent from the State of Ohio on any of these days. Appellant, therefore, cannot avail himself of the tolling provisions of R.C. 2305.15. Accordingly, the trial court did not err in holding that appellant's complaint was barred by the two year statute of limitations contained in R.C. 2305.10. Even if we assume, arguendo, that appellant's complaint properly alleges a claim under 42 U.S.C. § 1983, we still find that the trial court did not err in granting appellees' Motion for Summary Judgment on the grounds that appellant's complaint was not timely filed. This Court just recently held that the two year statute of limitations contained in R.C. 2305.10 applies to 1983 actions. See Archer v. Payne (Sept. 17, 1999), Musk. App. No. CT98-0043, unreported. While appellant cites to Prohazka v. Ohio State Univ. Bd. of Trustees (Dec. 16, 1999), Franklin App. No. 99AP-2, unreported in support of his argument that the four year statute of limitations contained in R.C.2305.09(D) is applicable, we find appellant's argument unpersuasive. R.C. 2305.09(D) states as follows: "An action for any of the following causes shall be brought within four years after the cause thereof accrued: . . . (D) For an injury to the rights of the plaintiff not arising on contract not enumerated in sections 2305.10 to 2305.12,2305.14 and 1304.35 of the Revised Code." In turn, the express language of R.C. 2305.10 limits the provision's application to actions for "bodily injury or injuring personal property." In Prohazka, the plaintiff's section 1983 claims alleged that his right to privacy, to due process of law, to free exercise of his religion and to free speech were violated. Since there were no claims for bodily injury or to injury to personal property, R.C. 2305.10 was clearly inapplicable. In contrast, appellant in the case sub judice is seeking compensation for bodily injury. For such reason, the two year statute of limitations contained in R.C 2305.10
clearly applies to appellant's complaint rather than the four year statute of limitations contained in R.C.2305.09(D). Based on the foregoing, we find that the trial court did not err in granting appellees' Motion for Summary Judgment. Appellant's complaint in this matter clearly was not timely filed since it was filed outside of the two year statute of limitations contained in R.C. 2305.10. Moreover, while appellant argues that the trial court erred in failing to grant appellant's motion requesting a summary judgment hearing, we find that such argument lacks merit. As is stated above, the trial court, pursuant to an order filed on January 10, 2000, granted appellant an extension of time until January 24, 2000, to respond to appellees' Motion for Summary Judgment and granted appellees until February 7, 2000, to file their reply. Thereafter, appellant's response was filed on January 24, 2000, and appellee's reply was filed on February 7, 2000. Thus, unlike the appellant in Meyers v. Dodderer (Nov. 19, 1993), Licking App. No. 93-CA-59, unreported, cited by appellant, appellant in this matter knew when his brief was to be filed with the court and, in fact, had filed such brief before the trial court ruled on appellees' Motion for Summary Judgment. Appellant clearly knew when the trial court was going to rule on appellees' motion.
For the foregoing reasons, appellant's sole assignment of error is overruled. The judgment of the Stark County Court of Common Pleas is affirmed.
Edwards, J. Gwin, P.J. and Wise, J. concur