DECISION AND JUDGMENT
{¶ 1} This case is before the court on appeal from the judgment of the Lucas County Court of Common Pleas which, on December 10, 2007, granted the motion for summary judgment filed by appellee, Wade Kapszukiewicz, as Treasurer of Lucas County, Ohio, denied the motion for summary judgment filed by appellants, Louis I. *Page 2 
Leasor and Susan D. Leasor, and denied appellants' motion for leave to file an amended complaint. For the reasons that follow, we affirm the decision of the trial court.
 {¶ 2} Appellants owned unimproved real property in Lucas County. They fell in arrearage and a complaint in foreclosure was filed by the treasurer in June 2004. Kest v. Leasor, C.P. No. TF-04-1175. The property was eventually sold at a court-ordered sheriffs sale on June 9, 2005, and a judgment confirming the sale was filed on July 27, 2005. Appellants filed a motion to vacate the confirmation of sale, pursuant to Civ. R. 60(B), arguing that, had they received proper notice of the sale, they would have paid the taxes due. The trial court found that appellants had not received notice of the sale, due to a clerical error, but nevertheless determined that appellants failed to assert a meritorious defense for purposes of Civ. R. 60(B). This court affirmed the decision denying appellants' motion to vacate the sale. Kest v.Leasor, 6th Dist. No. L-06-1200, 2006-Ohio-1871.
 {¶ 3} The present cause of action was filed on July 21, 2006, while the appeal regarding the foreclosure sale was pending before this court. Appellants claimed in their complaint that "[t]he failure of the Lucas County Treasurer to provide the Leasors, through their attorney, with notice of the sheriffs sale and with copies of every written notice, offer of judgment and similar paper, constitutes a government taking of the Leasors' subject real property without due process of law in violation of the Ohio and United States Constitutions and also in violation of the Leasors' civil rights." *Page 3 
 {¶ 4} On March 30, 2007, appellants filed a motion for summary judgment, arguing that they were deprived of their rights of ownership in the property, without procedural due process of the law, and their statutory right of redemption, pursuant to R.C. 5721.25, without substantive due process of the law, in violation of the Fifth andFourteenth Amendments to the United States Constitution and Section 16, Article I of the Ohio Constitution. With respect to their property rights, appellants argued that the treasurer's failure to timely notify them of the sale was in contravention of the statutory notice requirements set forth in R.C. 323.25, 5721.18(A), 5721.19(B), and2329.26.
 {¶ 5} On May 17, 2007, the treasurer also filed a motion for summary judgment, arguing that he was entitled to judgment because (1) the Ohio Constitution does not create a private cause of action for damages; (2) the treasurer is immune from liability, pursuant to R.C. Chapter 2744, for the state law claims asserted in the complaint; (3) appellants failed to allege or prove a claim under Section 1983, Title 42, U.S. Code ("Section 1983"), for an alleged violation of their rights under the United States Constitution; (4) appellants failed to properly allege, or submit evidence of, a federal cause of action against the treasurer; and (5) appellants failed to establish that the treasurer's actions caused them damages.
 {¶ 6} On July 5, 2007, appellants sought leave to amend their complaint instanter; however, no proposed amended complaint was attached to appellants' motion. The treasurer argued in opposition to appellants' motion to amend that, without the proposed complaint, the trial court was unable to determine if the amended complaint set *Page 4 
forth a claim upon which relief could be granted. The treasurer additionally argued that the motion to amend complaint was untimely filed because appellants waited until after the treasurer filed for summary judgment to seek leave. The treasurer asserted that appellants "should not be permitted to sit by for this period of time and bolster their pleadings in answer to a motion for summary judgment." The trial court found that appellants sought to amend their complaint with a claim for violation of Section 1983. Although the trial court denied appellants' request to amend their complaint, in ruling on the parties' motions for summary judgment, we note that the trial court nevertheless treated appellants' original complaint as having included a claim of civil rights violations pursuant to Section 1983.
 {¶ 7} In granting the treasurer's motion for summary judgment and denying appellant's motion, the trial court made the following findings: (1) the Ohio Constitution does not create a private right of action for damages; (2) the Fifth Amendment's Takings Clause does not apply because the sale of appellants' land for delinquent taxes was not a taking for a public purpose, but was done pursuant to the county's taxing authority, not its power of eminent domain; (3) appellants failed to establish their right to recover monetary damages pursuant to Section 1983 because they failed to show any offending general custom or policy that manifested deliberate indifference to appellants' rights, and their failure to pay their property taxes, not the treasurer's failure to provide them with advance notice of the sheriffs sale, was the proximate cause of their damages; (4) appellants' federal procedural due process claim fails because there is no evidence of an *Page 5 
established procedure designed to deprive tax-delinquent property owners advance notice of a court-ordered sheriffs sale, appellants had an available remedy pursuant to Civ. R. 60(B), and appellants' failure to timely act in a diligent manner, and not any omission by the treasurer's attorney, was the proximate cause of appellants' alleged damages; (5) appellants' federal substantive due process claim fails because only the U.S. Constitution creates substantive due process rights and appellants failed to submit any evidence that the Constitution creates a right to receive advance notice of a sheriff s sale in a county-initiated tax foreclosure action, and appellants' failed to demonstrate that the treasurer's failure to timely notify appellants of the sheriffs sale "shocks the conscience." Because the trial court found that the treasurer was entitled to summary judgment on any alleged Section 1983 action brought by appellants, the trial court held that appellants' proposed amended complaint did not include any new allegations that would save their claims from dismissal on summary judgment and, as such, found that it would be a futile or vain act to grant appellants' motion for leave to amend.
 {¶ 8} Appellants timely appealed the decision of the trial court and raise the following assignments of error on appeal:
 {¶ 9} "I. The trial court erred when it granted summary judgment and dismissed appellants' claims under 42 U.S.C. § 1983 against appellees.
 {¶ 10} "II. The trial court abused its discretion in not allowing appellants to file an amended complaint." *Page 6 
 {¶ 11} Appellants argue in their first assignment of error that they were deprived their due process rights, both procedural and substantive, under the Fifth and Fourteenth Amendments to the United States Constitution and that Section 1983 provides them a remedy for the government officials' violations of their rights. Appellee responds that appellants can only recover monetary damages pursuant to Section 1983. Appellee argues that appellants failed to assert a Section 1983 action in their complaint and, therefore, cannot recover monetary damages for an alleged violation of their federal constitutional rights. Even if a Section 1983 claim was properly raised, appellee asserts that appellants failed to submit any evidence establishing a violation of Section 1983.
 {¶ 12} To establish a violation of Section 1983, two elements are required: "(1) the conduct in controversy must be committed by a person acting under color of state law, and (2) the conduct must deprive the plaintiff of rights, privileges or immunities secured by the Constitution or laws of the United States." 1946 St. Clair Corp. v.Cleveland (1990), 49 Ohio St.3d 33, 34, citing, Parratt v. Taylor
(1981), 451 U.S. 527, 535. Appellants' complaint was brought against the Lucas County Treasurer in his official capacity. Local governing bodies can be sued directly pursuant to Section 1983 for monetary, declaratory, or injunctive relief where "the action that is alleged to be unconstitutional implements or executes a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers," or where the deprivations occurred pursuant to "governmental `custom' even though such a custom has not received formal approval through the body's official decision making channels." *Page 7 Monell v. Department of Social Services of City of New York (1978),436 U.S. 658, 690. A municipality, however, cannot be held liable solely because it employs a tortfeasor, i.e., "a municipality cannot be held liable under [Section] 1983 on a respondeat superior theory." Id. Rather, municipalities are not liable unless action pursuant to official municipal policy caused a constitutional tort. Id.
 {¶ 13} In this case, there was no claim that the alleged deprivation was the predictable result of established state procedures. In fact, it is undisputed that it is customary for appellee to provide notice of foreclosure sales, but failed to do so in this instance. As such, we find that there is no evidence in the record that establishes that an official policy or custom was followed by appellee which caused damages to appellants. Nevertheless, appellants argue that they were deprived of their rights to due process pursuant to the Fifth andFourteenth Amendments to the United States Constitution.
 {¶ 14} Initially, we find that appellants' reliance on theFifth Amendment to the United States Constitution is misplaced. The sale of property for delinquent taxes involves the taxing power, not the eminent domain power of the government. In re Golden (Bankr.Ct.W.D.Pa. 1995), 190 B.R. 52, 57, citing, Richardson v. Brunner (Ky. 1962), 356 S.W.2d 252,254, cert. den., 371 U.S. 815. A sale of land for delinquent taxes is not a taking for a public purpose and, therefore, does not invoke theFifth Amendment. Id.
 {¶ 15} The Fourteenth Amendment, however, protects against deprivations "without due process of law." 1946 St. Clair,49 Ohio St.3d at 34, citing, Baker v. *Page 8 McCollan (1979), 443 U.S. 137, 145. When the state provides an adequate post-deprivation remedy for a loss of property caused by the negligence of state officials, no due process violation has occurred. Id., citingParratt, 451 U.S. at 535-544.
 {¶ 16} In 1946 St. Clair, the Ohio Supreme Court noted that, in a Section 1983 claim, "the distinction between deprivation of a purely economic interest and violation of a substantive right is significant."St. Clair at 35. "Property interests are distinguished from life or liberty interests because property interests are founded on the procedural aspects of due process; they are not substantive rights created by the federal Constitution." Id. at 36, citing, Cooperman v.Univ. Surgical Assoc, Inc. (1987), 32 Ohio St.3d 191, 200. Where the claim asserted rests on the deprivation of a property interest alone, the constitutional right invoked is the procedural due process right to notice and hearing. Cooperman at 200, citing Hudson v. Palmer (1984),468 U.S. 517, 530-537; Parratt, supra, at 536-545; Bd. of Regents v.Roth (1972), 408 U.S. 564. As set forth in Cooperman, "The constitutional infringement under the Fourteenth Amendment is not * * * the deprivation of a property interest per se, but is instead the manner by which the property is taken. That is, did the owner have an adequate opportunity to be heard `"at a meaningful time and in a meaningful manner."' Parratt, supra, at 540, quoting Armstrong v. Manzo (1965),380 U.S. 545, 552." Id.
 {¶ 17} "When the interest is purely economic, the Constitution demands only that the challenging party be given a meaningful opportunity to be heard." 1946 St. Clair at 36, citing, Parratt, supra, at 543-544. "If the state provides adequate post-deprivation *Page 9 
state tort remedies for unauthorized intentional property deprivations, the state has provided all the `process' required under theFourteenth Amendment." Id., citing, Hudson, supra, at 533. Accordingly, the Ohio Supreme Court has held that "to assert a claim under Section 1983, Title 42, U.S. Code and the Fourteenth Amendment for deprivation without due process of a purely economic interest, a plaintiff must allege and prove the inadequacy of state remedies." Id.
 {¶ 18} Relying on Jones v. Flowers (2006), 547 U.S. 220, appellants argue that the failure to provide notice in a tax foreclosure sale violates the Due Process Clause of the Fourteenth Amendment. We find that appellants' reliance on Jones is misplaced. In Jones, the defendant received no notice regarding any foreclosure proceedings or property sale. In this case, however, appellants were served with a copy of the complaint and were given an opportunity to be heard prior to the foreclosure sale.
 {¶ 19} We recognize that appellee erroneously did not provide appellants with notice of the date and time of the sheriffs sale, or advance notice of when the confirmation of sale would be filed with the trial court; however, due process rights under the United States Constitution require only that the owner of the property be given actual notice that a tax foreclosure proceeding has been initiated. Weigner v.City of New York (1988), 852 F.2d 646, 652; Mullane v. Central HanoverBank Trust Co. (1950), 339 U.S. 306, 314; and United States v.Williams (1998), 41 F.Supp.2d 745, 746-747. Even if we assume arguendo that due process required that appellants receive notice of the sale and confirmation of sale, we nevertheless find that the state provided adequate post-deprivation *Page 10 
state tort remedies for unauthorized intentional property deprivations pursuant to R.C. 2744.03. See 1946 St. Clair, 49 Ohio St.3d 33, 36. Accordingly, we find that the state has provided all the procedural due process required under the Fourteenth Amendment. Id.
 {¶ 20} Appellants, however, argue that they are not required to allege and prove the inadequacy of state remedies when invoking a substantive due process claim under Section 1983. Relying on Pearson v. City ofGrand Blanc (C.A.6,1992), 961 F.2d 1211, 1218, appellants assert that ownership of land is a fundamental right sufficient to invoke substantive due process protections. Like the right of ownership, appellants assert that their right of redemption is a fundamental right sufficient to invoke substantive due process protections.
 {¶ 21} While property interests are protected by procedural due process when the interest is derived from state law, substantive due process rights are created only by the United States Constitution.Mansfield Apt. Owners v. Mansfield (C.A.6,1993), 988 F.2d 1469, 1477. There is no showing that appellants' alleged right of redemption is a fundamental right recognized by the United States Constitution. We also find no basis for appellants' assertion that appellee's failure to send them notice of sale "shocks the conscience." Appellants participated in the suit and could have redeemed their tax liability at any point prior to the confirmation of sale. We agree with the trial court that it was appellants' inattention to the payment of their delinquent property taxes and to the status of their tax foreclosure action, and not appellee's failure to notify appellants, which *Page 11 
proximately caused appellants' alleged damages. Accordingly, we find that appellants failed to establish a violation of their substantive due process rights.
 {¶ 22} Having found that the Fifth Amendment to the United States Constitution does not apply to the facts in this case, that appellant failed to demonstrate that any policy, regulation, or custom of appellee caused appellants' alleged deprivation, that appellants were provided adequate opportunities to be heard both before and after the alleged deprivation, and that appellants were not deprived of a substantive right, we find that appellants failed to establish that appellee violated their constitutional rights. Accordingly, we find that, after construing the evidence most strongly in favor of appellants, there remains no genuine issue of material fact, and reasonable minds can only conclude that appellee is entitled to judgment as a matter of law. SeeLorain Natl. Bank v. Saratoga Apts. (1989), 61 Ohio App.3d 127, 129, and Civ. R. 56(C). Appellants' first assignment of error is therefore found not well-taken.
 {¶ 23} Appellants argue in their second assignment of error that the trial court abused its discretion in not allowing appellants to file an amended complaint. Upon review of the record, we find no abuse of discretion. The trial court thoroughly considered appellants' motion to amend their complaint and found that the proposed amended complaint did not include any new allegations that would save their claims from dismissal on summary judgment. We agree with the trial court's determination. Accordingly, we find appellants' second assignment of error not well-taken. *Page 12 
 {¶ 24} On consideration whereof, the court finds substantial justice has been done the party complaining and the judgment of the Lucas County Court of Common Pleas is affirmed. Appellants are ordered to pay the costs of this appeal pursuant to App. R. 24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Lucas County.
JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App. R. 27. See, also, 6th Dist. Loc. App. R. 4.
Peter M. Handwork, J., Arlene Singer, J., and Thomas J. Osowik, J., CONCUR. *Page 1